Debra Sue **FERGUSON**, Appellant,

v.

Guy C. **CUNNINGHAM** and **Ashland Hospital Corporation, D/B/A King's Daughters' Hospital,** Appellees.

Court of Appeals of Kentucky.

June 24, 1977.

Discretionary Review Denied Oct. 24, 1977.

Stanley R. Hogg and Roger W. Hall, Creech & Hogg, Ashland, for appellant.

Gray, Woods & Cooper, Ashland, Turley, Savage & Moore, Lexington, for appellee Dr. Guy W. Cunningham.

W. H. Sewell, II, McKenzie, Woolery & Sewell, Ashland, for appellee Ashland Hospital Corp., D/B/A King's Daughters' Hospital.

Before HAYES, HOWARD and WINTERSHEIMER, Judges.

HAYES, Judge.

This is an appeal of a summary judgment entered in the Boyd Circuit Court. Appellant, Debra Sue Ferguson, contends that the trial court erred in its determination that her malpractice action was barred by the statute of limitations.

Appellant was born on March 3, 1954. Since her birth was premature, it was necessary that appellant be transferred to King's Daughters' Hospital for proper care. While at the hospital, appellant's attending physician was the appellee, Dr. Guy Cunningham. Appellant was placed in an incubator to provide the correct environment for her development. Approximately three (3) months after her birth, it was discovered that appellant was blind. The cause of this blindness was determined to be too much oxygen which may have occurred during the time appellant spent in the incubator.

In her deposition, the appellant stated that she was aware of the cause of her blindness when she was fifteen (15) years old. She, however, did not know that she had been premature or that her blindness

may have been the result of negligence. After her twenty-first (21st) birthday, appellant was informed by her father that there may have been some negligent activity connected with her blindness. Shortly, thereafter, appellant filed this action.

Since appellant had filed in 1975, some twenty-one (21) years after the alleged negligent activity, appellees filed motions for a summary judgment on the ground that appellant's claim was barred by the statute of limitations. The trial court granted this motion and held that appellant should have brought this claim within one (1) year of her eighteenth (18th) birthday since she knew the cause of her blindness when she was fifteen (15) or sixteen (16) years old.

The sole issue presented on appeal is whether or not appellant's cause of action is barred by the statute of limitations. A determination of this issue involves an examination of KRS 413.140 and KRS 413.170. The pertinent sections of KRS 413.140 are set out as follows:

(1) The following actions shall be commenced within one (1) year after the cause of action accrued.

\* \* \* \* \* \*

(e) An action against a physician, surgeon, dentist or hospital licensed pursuant to KRS Chapter 216 for negligence or malpractice.

\* \* \* \* \* \*

(2) In respect to the action referred to in paragraph (e) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the injury is discovered or in the exercise of reasonable care should have been discovered; Provided That such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred.

Since the activities which gave rise to this cause of action occurred while appellant was an infant, her cause of action was also subject to the provisions of KRS 413.170(1). This statute provides the following:

If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, ex-cept for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of that person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

Appellant contends that KRS 413.140 and KRS 413.170 do not prevent her from bringing this action when she did. In order to reach such a conclusion, appellant uses a two step approach. First, appellant states that the five (5) year limitation set out in KRS 413.140(2) should be allowed to her after the removal of this disability, KRS 413.170(1). The second step involves the definition of the term "injury" as used in KRS 413.140(2). Appellant argues that "injury" means cause of action and that KRS 413.140(1) allows her one (1) year after the discovery of her cause of action within which to commence her action. Using such a definition, appellant believes that her cause of action did not accrue until she was twenty-one (21) years old and that this was within five (5) years of the removal of her disability.

Appellees argue that "injury" means harmful effect and that appellant was aware of her condition and the cause of that condition when she was fifteen (15) or sixteen (16) years old. According to appellees, it was at this point that her cause of action accrued. She was required, therefore, to bring her action within one (1) year after becoming eighteen (18) years old under their theory. This she did not do.

The definition of "injury" is not important; because, using either theory propounded by the parties, appellant's cause of action was barred by the statute of limitations. If appellant first knew of her injury when she was fifteen (15) or sixteen (16), as appellees contend, then under KRS 413.-140(1) and KRS 413.170(1) she was required to bring this cause of action before her nineteenth (19th) birthday. Appellant's reasoning also leads this court to the conclusion that her action was barred. In or-

der for KRS 413.170(1) to apply, appellant's cause of action must *accrue* during her infancy. Appellant, however, argues that her cause of action did not accrue until she was twenty-one (21) years old. Accepting this as true, KRS 413.170(1) did not apply to appellant. Her cause of action, therefore, was covered by KRS 413.140(1) and barred by that statute since it was commenced more than five (5) years after the negligent act.

The parties urge this court to consider another issue—the applicability of the doctrine of charitable immunity. Although well aware of the need for a determination of this issue, this court declines to address it at this time, since any decision would be advisory at best.

Judgment is affirmed.

All concur.